IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Case No.    CV-08-262-E-BLW |
| | ) | CR-03-217-E-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| AMY R. FLUCKIGER, | ) | **AND ORDER** |
| | ) | |
| Defendant-Movant. | ) | |
| | ) | |

Pending before the Court is Amy R. Fluckiger's ("Movant") Motion to

Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to

28 U.S.C. § 2255 (Docket No. 1 in CV-08-262-E-BLW).[1]  Having reviewed the

Government's Response (Docket No. 4 in civil case) and Movant's Reply (Docket

No. 5 in civil case) as well as the record in the underlying criminal case, the Court

enters the following Order dismissing the § 2255 Motion.

### REVIEW OF 28 U.S.C. § 2255 MOTION

#### A.    Background and Summary of Issues

On September 23, 2003, an Indictment (Docket No. 1) was filed charging

---

[1]  Unless otherwise noted, all further docket numbers will refer to the
underlying criminal case, CR-03-217-E-BLW.

**Memorandum Decision and Order - 1**

Movant with one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1)(B) and one count of possession with intent to distribute and distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  On August 24, 2004, a Superseding Indictment (Docket No. 24) was filed which essentially amended both counts of the Indictment to allege the specific quantity of "at least 226 grams of a mixture or substance containing a detectable amount of methamphetamine."

On October 13, 2004, Movant filed a Motion to Dismiss Superseding Indictment (Docket No. 27) on the grounds that it constituted vindictive prosecution.  On October 29, 2004, following a hearing, the Court denied the Motion to Dismiss.  *Minute Entry* (Docket No. 36).  On November 1, 2004, the Government filed a Superseding Information pursuant to 21 U.S.C. § 851 alleging three prior felony drug convictions in support of a sentencing enhancement.  This effectively increased the statutory minimum for the charged offense from five years to ten years.

On November 8, 2004, Movant entered a plea of guilty to the

**Memorandum Decision and Order - 2**

possession/distribution charge pursuant to a Plea Agreement (Docket No. 44) in

return for the Government's agreement to dismiss the conspiracy charge and to

recommend that the federal sentence run concurrently with a previously imposed

state sentence.  The Factual Basis portion of the Plea Agreement recited that

Movant "was provided in a total of in excess of 50 grams of a substance containing

methamphetamine from Benjamin Quinonez on various occasions," either directly

or indirectly, which she then sold to other individuals.  *Plea Agreement* ¶ III.B.

Movant was advised in the Plea Agreement and at the plea hearing that the offense

was punishable by a term of imprisonment of 10 years to life.

   After preparation of the Presentence Report, Movant filed several objections,

including one challenging the drug quantity calculation.  However, at sentencing,

the objections were withdrawn in exchange for the Government's agreement to

move for a 3-level reduction in offense level pursuant to USSG § 5K1.1 and for

relief from the mandatory minimum of 10 years.  *Minute Entry* (Docket No. 53).

On March 2, 2005, notwithstanding its granting the motion for relief from the

mandatory minimum of ten years, the Court imposed a term of imprisonment of

120 months based on a guideline range of 100 to 125 months to run concurrently

with the previously imposed state sentence.  *Minute Entry* (Docket No. 53).

Judgment was entered on March 4, 2005.  *Judgment* (Docket No. 54).  Movant did

**Memorandum Decision and Order - 3**

not appeal her conviction or sentence.

On June 24, 2008, through new counsel, Movant filed the pending § 2255 Motion alleging ineffective assistance of counsel for failure to object (1) to the drug quantity calculation in the Presentence Report to the extent that it was based on statements made pursuant to an immunity agreement, and (2) to the allegedly incorrect assessment in the Presentence Report of criminal history points for three misdemeanor convictions.  The Government contends that the § 2255 Motion is untimely and also fails on the merits.

### B.    Standard of Law

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."  28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the

**Memorandum Decision and Order - 4**

moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).  However, where, assuming the truth of the specific factual allegations when viewed against the record, the movant states a claim upon which relief could be granted, an evidentiary hearing is required to resolve the factual dispute before the Court can make a determination on the merits. *See United States v. Leonti*, 326 F.3d 1111, 1116 (2003).

**Memorandum Decision and Order - 5**

## C.    Discussion

The determinative issue here is whether the § 2255 Motion was timely filed.

However, the Court will address the other issues raised by the Movant as well.

### 1.    Statute of Limitations

A § 2255 motion must be brought within one year of the latest of the

following possible dates:

> (1) the date on which the judgment of conviction
> becomes final;
>
> (2) the date on which the impediment to making a motion
> created by governmental action in violation of the
> Constitution or laws of the United States is removed, if
> the movant was prevented from making a motion by such
> governmental action;
>
> (3) the date on which the right asserted was initially
> recognized by the Supreme Court, if that right has been
> newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or
> claims presented could have been discovered through the
> exercise of due diligence.

28 U.S.C. § 2255(f).  Subsections (2), (3), and (4) are essentially statutory tolling

provisions.

For purposes of § 2255(f)(1), a judgment of conviction becomes final when

it "has been rendered, the availability of appeal exhausted, and the time for a

**Memorandum Decision and Order - 6**

petition for certiorari elapsed or a petition for certiorari denied." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).  In a case such as the present one, where  there was no direct appeal, a judgment of conviction becomes final ten days after the district court enters judgment.  *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

Given that Judgment was entered in this case on March 4, 2005, Movant's conviction became final on March 14, 2005.  Accordingly, under § 2255(f)(1), Movant was required to file her § 2255 Motion by March 14, 2006.  Clearly, under this subsection, her § 2255 Motion filed June 24, 2008 was untimely.  However, Movant contends that the applicable subsection for determining timeliness is § 2255(f)(4) given that she did not have access to her Presentence Report from which she discovered her claims until February of 2008.  *Reply* 1-2 (Docket No. 5).

As grounds for her statutory tolling argument, Movant asserts that she was not advised of her appeal and § 2255 rights, that she did not know of those rights until June 2007, and that in part because of a transfer, she did not have an opportunity to review her Presentence Report until February of 2008.

Movant's claim must fail.  Section 2255(f)(4) tolls the statute of limitations until the date on which the *facts* supporting the claim or claims could have been

**Memorandum Decision and Order - 7**

discovered through the exercise of reasonable diligence.  The facts which she

claims she did not discover until February of 2008 were, in fact, known to her at

the time of sentencing.  In other words, she had available to her prior to and at

sentencing the Presentence Report which indicated the basis for the offense level

computation and the inclusion of the three misdemeanor convictions in her

criminal history score.  *See United States v. Battles*, 362 F.3d 1195, 1198-99 (9th

Cir. 2004) (rejecting claim under § 2255(4) [now § 2255(f)(4)] that facts could not

have been discovered until trial transcripts were obtained).  That she did not know

of the possible legal significance of those facts is irrelevant.  *See United States v.*

*Pollard*, 416 F.3d 48, 55 (D.C.Cir. 2005) (citing *Owens v. Boyd*, 235 F.3d 356, 359

(7th Cir. 2000)).

> As the Ninth Circuit observed in *Battles*,

> > Surely due diligence requires that Battles at least consult
> > his own memory of the trial proceedings.  His decision
> > not to do so does not bespeak due diligence.  Battles'
> > current claims are about happenings at the time of his
> > conviction – the failure of counsel to lodge an objection
> > at the time of the government's closing argument, and
> > counsel's refusal to allow Battles to participate in a
> > presentence investigation.  There is nothing new about
> > those.

*Battles*, 362 F.3d at 1198 (citations omitted).

> Similarly, the Second Circuit, in rejecting a prisoner's argument that he did

**Memorandum Decision and Order - 8**

not know the facts underlying his claim at sentencing until he discovered that his

attorney should have performed a particular act, stated in *Pollard*:

> It could not have escaped Pollard's notice during the sentencing proceedings, at which he was present, that Hibey did not argue that the Government breached the terms of the plea agreement, request that sentencing proceedings be adjourned after the Government submitted the Weinberger declaration, inform the sentencing court that Pollard had authorization to give the Blitzer interview, or request a hearing to address the allegations in the supplemental declaration.

> . . . .

> Having been a witness to his own sentencing proceedings . . . , Pollard at most may not have realized the potential legal significance of those facts until 2000. Given that the vast majority of prisoners could, like Pollard does before us, allege ignorance of the law until an illuminating conversation with an attorney or fellow prisoner, Pollard's alternative construction – that legal norms constitute "facts" for the purposes of § 2255(4) [now § 2255(f)(4)] – would in effect write the statute of limitations out of AEDPA, rendering it a nullity.

*Pollard*, 416 F.3d at 54-55.

Clearly here, Movant was a participant at her own sentencing.  She knew the

basis for the drug quantity calculation and that her misdemeanor convictions were

counted in determining her criminal history category.  Assuming for argument's

sake only that she had valid grounds for relief under § 2255 based on ineffective

**Memorandum Decision and Order - 9**

assistance of counsel for failure to raise those sentencing challenges, the fact that she did not realize that she had potential grounds until a year after her conviction became final is irrelevant. "Whether an attorney should have performed a particular task drives the *legal* inquiry into existence of an ineffective-assistance-of-counsel claim. What the lawyer did or did not do in his representation of a prisoner is 'a fact' . . . ." *Id*. at 55 (citation omitted). Movant knew at the time of sentencing that counsel did not object to the drug quantity on the grounds she now advances and that he did not object to the criminal history calculation.

Although neither her counseled § 2255 Motion nor her Reply asserts that the statute of limitations should be equitably tolled, the Court will briefly address that issue.

If a § 2255 motion is not timely filed under § 2255(f)(1) or under the applicable statutory tolling provision, a prisoner may be entitled to equitable tolling. *See United States v. Battles*, 362 F.3d 1195, 1196-97 (9th Cir. 2004) (finding that equitable tolling is available in § 2255 proceedings just as in § 2254 proceedings). Equitable tolling is available only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" and "the extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

**Memorandum Decision and Order - 10**

Subsequent to the *Battles* decision, the Supreme Court has twice assumed, without deciding, that equitable tolling applies where a prisoner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" preventing timely filing. *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007) (citing *Pace v. DeGuglielmo*, 544 U.S. 408, 418, and n.8 (2005)). The *Pace* standard appears to be less stringent than the *Spitsyn* standard of impossibility. *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 n.5 (9th Cir. 2005) (recognizing that *Pace* may have "lowered the bar somewhat"). Nevertheless, both standards require a showing of "extraordinary circumstances."

Movant states in her Affidavit that she was taken back to state custody after sentencing where she had no access to law books pertaining to federal law, she was transferred from state to federal custody in October of 2006, that she became aware that perhaps she could file a § 2255 motion in June of 2007, that she was transferred to a different facility in July of 2007 before her appointment to review her Presentence Report, that she arrived at her new facility in August of 2007, and that she was finally able to review her Presentence Report in February of 2008 at which point she acted promptly to engage counsel to file the pending § 2255 Motion.

Presumably, Movant had access to law books pertaining to federal law once

**Memorandum Decision and Order - 11**

she went into federal custody in October of 2006.  She does not allege otherwise.

Furthermore, despite knowing the facts underlying her claims at the time of

sentencing, she took no action to investigate whether she had legal recourse based

on those facts until June of 2007 at the earliest.  The Court finds that none of her

proffered factors taken alone or together constitutes extraordinary circumstances

justifying relief from the statute of limitations under either the *Spitsyn* or the *Pace*

standard.

Even if the § 2255 Motion were not untimely, however, it would be subject

to dismissal on the merits.

### 2.     Ineffective Assistance of Counsel

The well-established two-prong test for evaluating ineffective assistance of

counsel claims is deficient performance and resulting prejudice.  *See Strickland v.*

*Washington*, 466 U. S. 668 (1984).  Mere conclusory allegations are insufficient to

state a claim of ineffective assistance of counsel.  *See Shah v. United States*, 878

F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that

counsel's performance "fell below an objective standard of reasonableness."

*Strickland*, 466 U.S. at 688.  Under the performance prong, there is a strong

presumption that counsel's  performance falls "within the wide range of reasonable

**Memorandum Decision and Order - 12**

professional assistance." *Id*. at 689.  This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id.*  For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).  In evaluating the performance prong, the court should "assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694. The *Strickland* standard is "highly demanding." *Kimmelman,* 477 U.S. at 381-82.

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687).

In evaluating an ineffective assistance of counsel claim, the Court may

**Memorandum Decision and Order - 13**

consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697. Furthermore, the Court need not consider one component if there is an insufficient showing of the other. *Id.*

### a.     Drug Quantity

Movant contends that defense counsel was ineffective for failure to argue that the drug quantity was derived from statements made pursuant to an immunity agreement. Movant further contends that the drug quantity should have been under 200 grams which would have resulted in a 4-level lower base offense level. The Court notes that defense counsel had objected to the drug quantity also contending that it should be no more than 7 ounces which is equivalent to 198.45 grams.[2]

The Court presumes that Movant's vague allegations refer to the cooperation agreement set forth in the Plea Agreement. *Plea Agreement* ¶ VI (Docket No. 44). By its terms, the Government agreed "not to use *new* information defendant provides (pursuant to this Agreement) about defendant's own criminal conduct. . . . There shall be no such restrictions on the use of information: (1) previously known to law enforcement agencies; . . . ." *Id.* at ¶ VI.B (emphasis added). Furthermore, guideline § 1B1.8(a) cited by Movant in her Reply does not restrict the use of

---

[2] The Court further notes that the count to which Movant pled guilty alleged a quantity of at least 226 grams.

**Memorandum Decision and Order - 14**

information known to the government prior to entering into a cooperation agreement.  *See* USSG § 1B1.8(b)(1).

The drug quantity calculation was based on the information in paragraph 17 of the Presentence Report.  *See Addendum* ¶ 13.  The information in paragraph 17 was taken from statements made to investigators in May of 2002 over two years before Movant entered into the Plea Agreement.  In those statements, she admitted that she purchased methamphetamine from Benjamin Quinonez and two of his associates.  *PSR* ¶ 17.  Furthermore, in the factual basis of the Plea Agreement, she admitted that she received methamphetamine either directly from Benjamin Quinonez or from individuals working for him.  *Plea Agreement* ¶ III.B.

It strains credulity that Movant now claims that the information on which the drug quantity was based was provided under an immunity agreement.  In any event, defense counsel objected to the drug quantity on other grounds and then strategically decided to withdraw that and other objections in order to secure a § 5K1.1 departure and a motion for relief from the mandatory minimum.  Strategic decisions by counsel are entitled to great deference.  *Strickland*, 466 U.S. at 689-90.  That the Court nevertheless rejected the opportunity to sentence below the mandatory minimum despite a resulting guideline range of 100 to 125 does not render counsel's assistance ineffective.  Furthermore, if counsel had chosen to

**Memorandum Decision and Order - 15**

pursue the objections rather than secure the Government's agreement to move for

relief from the mandatory minimum, Movant would still have received a sentence

of at least 120 months.  The § 851 notice dictated that the mandatory minimum

sentence was ten years even if Movant had distributed only fifty grams of

methamphetamine.

### b.  Criminal History

Movant contends that counsel should have argued that she received three

criminal history points for misdemeanors that should not have been counted.

*Affidavit* (Docket No. 1-2).  She specifically referred to three convictions for

driving without privileges dated January 4, 1992; July 7, 1992; and October 4,

2000.  She does not state the basis for this contention.

Movant was sentenced under the guidelines effective November 1, 2004.  In

that version of the guidelines, § 4A1.2(c)(1) provided that misdemeanor offenses

for driving without a license or with a revoked or suspended license are only

counted, as relevant here, if the sentence was a term of probation of at least one

year.  USSG § 4A1.2(c)(1)(A).  The challenged convictions are set forth at

paragraphs 41, 42, and 48 in the Presentence Report, respectively.  They indicate

that the sentences imposed were 18 months probation, two years probation, and

one year probation, respectively.  Accordingly, all three convictions were

**Memorandum Decision and Order - 16**

appropriately assigned one criminal history point each pursuant to § 4A1.1(c).[3]

Movant also states that her state conviction was used against her in determining her criminal history category by adding three additional points. She offers no basis for challenging the assessment of those points.

A review of the Presentence Report indicates that the conduct underlying the state court conviction was considered unrelated to her federal conviction. Accordingly, the drugs in the state court case were not used in computing the drug quantity in the federal case. However, the state conviction itself could be counted in the criminal history calculation. *See* USSG § 4A1.2, comment. (n.1).

## C.    Conclusion

Movant's § 2255 Motion was clearly untimely and subject to dismissal on that basis. However, even if it had been timely filed, it is subject to dismissal. Her vague and conclusory allegations are insufficient to meet either the deficient performance or prejudice prong of the highly demanding *Strickland* standard for ineffective assistance of counsel. Indeed, Movant was represented by highly competent counsel who has appeared before this Court representing criminal

---

[3] The Court notes that in the current version of the guidelines, those effective November 1, 2008, § 4A1.2(c)(1) counts such misdemeanor sentences only if the term of probation is more than one year. Under the current version, therefore, the October 4, 2000 conviction would not have been counted.

**Memorandum Decision and Order - 17**

defendants for many years.  In assessing counsel's overall performance in the case,

the Court cannot find that the alleged deficiencies overcome the strong

presumption of reasonably effective representation or that the sentence resulted

from a breakdown in the adversary process rendering the sentencing unreliable.

Furthermore, the sentence would have been the same even if defense counsel had

prevailed on his objections given the Government's unwillingness to move for

relief from the mandatory minimum absent withdrawal of the objections.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Movant's Motion to

Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to

28 U.S.C. § 2255 (Docket No. 1 in CV-08-262-E-BLW) is DISMISSED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-08-262-E-BLW

is DISMISSED with prejudice.

DATED:  **June 10, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 18**